**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RIGOBERTO FIERROS PEDROZA,

Petitioner,

v.

CHRISTOPHER J. LAROSE, et al,

Respondents.

Case No.:  26-cv-892-BJC-VET

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Pending before the Court is the second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Rigoberto Fierros Pedroza.  The first Petition was filed on December 8, 2025, in case number 25-cv-3479. In that Petition, Petitioner, represented by counsel, requested immediate release from custody or that the Court order Respondents to conduct a bond hearing. The Court granted the Petition on January 13, 2026, and ordered Respondents to hold a bond hearing no later than January 27, 2026.  On January 23, 2026, an Immigration Judge ("IJ") conducted a bond hearing pursuant to this Court's Order and denied Petitioner bond, finding that he did not meet his burden to show he was not a flight risk.

On February 11, 2026, Petitioner, proceeding *pro se*, filed the current Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Despite having received a bond

26-cv-892-BJC-VET

hearing pursuant to the first Petition, Petitioner asserts that his prolonged detention since October 31, 2025, without a bond hearing violates the 5th Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  ECF No. 1 at 7.  Petitioner seeks his immediate release, or a bond hearing.  *Id.* at 8

A successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim. See *McCleskey v. Zant,* 499 U.S. 467, 494–95 (1991); *Sanders v. United States*, 373 U.S. 1, 15 (1963). The government bears the burden of pleading abuse of the writ. *McCleske*y, 499 U.S. at 477.

Respondents contend that the second Petition must be dismissed because Petitioner was previously granted the relief he sought and "nothing has changed in the 8 weeks between the filing of the December Petition and the February Petition."  Return ECF No. 4 at 2. In addition, Respondents argue that Petitioner failed to exhaust administrative remedies because he did not appeal the IJ's determination that he is a flight risk.  *Id.* at 3. Petitioner has not filed a Reply to the Government's Return.

The Court finds that Respondent has met their burden to demonstrate that the current Petition must be dismissed under the abuse of the writ doctrine.  Petitioner was granted the relief he sought in the first Petition, yet he has now filed a second and successive Petition raising identical grounds for relief. In addition, Petitioner has not exhausted his administrative remedies because he has not appealed the IJ's determination that he is a risk of flight. Accordingly, the present Petition is **DENIED**.  *See McCleskey,* 499 U.S. at 494-95. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 29, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

2

26-cv-892-BJC-VET